[No. 10021. Department One.    April 4, 1912.]

ADDIE MORDICOTT *et al.*, *Respondents*, v. J. E. R. CALDWELL
*et al.*, *Appellants.*[1]

CANCELLATION OF INSTRUMENTS—FAILURE OF CONSIDERATION—CON-
DITIONS—CONTRACT FOR LIFE SUPPORT. Where a contract for life sup-
port, in consideration of the conveyance of property, was not per-
formed in a suitable manner as it should have been, the court may
place the parties as nearly as possible in the position which they
previously occupied, by cancelling the conveyance upon payment of
certain expenses incurred, taking into consideration the rental value
of the property.

Cross-appeals from a judgment of the superior court for
King county, Gay, J., entered May 13, 1911, upon the ver-
dict of a jury rendered in favor of the plaintiffs, in an action
on contract. Affirmed.

*Stallcup & Keyes*, for appellants.

*H. W. Lueders* and *Jas. W. Anderson*, for respondents.

PER CURIAM.—Stripped of all redundant matter, and not
noticing the circuitous pleadings in the case, this is one of
those cases where the old and incompetent, recognizing an
inability to longer successfully cope with the problems of
life, seek an asylum by deeding their property to some
younger and more virile person in return for a promise of
protection and care and maintenance during the life of the
grantor. The merits in this case depend upon the question
whether or not the obligations entered into were faithfully
executed and performed. A jury was impaneled as advisory
to the court upon the trial, and decree was made, among other
things, that the deed, which was the foundation of the ac-
tion, should be canceled and held for naught; that the plain-
tiffs should pay to the defendant Alfaretta Waite the sum
of $100, with interest at six per cent from a certain date,

[1]Reported in 122 Pac. 316.

and that said defendant should have a lien on said land to secure the payment of said sum of $100 with interest, etc.; that certain other minor directions be made; and that neither party should recover costs. The court was unable by its decree to satisfy either the plaintiffs or defendants, both appealing from the judgment, the defendants contending that the deed should not have been declared void, and the plaintiffs contending that the judgment for $100 and some other minor provisions in favor of the defendants were not justified by the testimony in the case.

This record is a long one, and we have examined it with great particularity; and while at times the issues seem to have been somewhat obscured, and the special findings of the jury somewhat conflicting, yet the jury did find specially that David Day conveyed to Alfaretta Waite the property in dispute in consideration of her offering to take care of and provide for him during his life, and that since Alfaretta Waite went onto the premises in dispute she had not taken care of and provided for David Day in a suitable manner and treated him as she should, assuming that he conveyed to her the land in controversy as a consideration for her caring for and providing for him during his life. The jury also found the reasonable rental value of the land. This case comes before us *de novo;* for while the findings of the jury were advisory to the trial court, they are also advisory only to this court. From an examination of the record, we are satisfied that no good purpose would be subserved by sending this case back for a new trial, and we are not authorized under the testimony in the case to reverse the judgment of the lower court. The judgment places the parties as nearly in the position which they occupied before entering into the contract as it is possible to place them. We think the court looked closely at the equities of both parties to the action, and that substantial justice was done by the decree.

The judgment is therefore affirmed.